STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2023 CA 0642

DANECO, L.L.C.

VERSUS

JUST GATORS, INC.

Judgment Rendered: **AUG 0 8 2024**

* * * * *

ON APPEAL FROM THE
THIRTY-SECOND JUDICIAL DISTRICT COURT, DIVISION C
IN AND FOR THE PARISH OF TERREBONNE
STATE OF LOUISIANA
DOCKET NUMBER 193702

HONORABLE JUAN W. PICKETT, JUDGE PRESIDING

* * * * *

Sye J. Broussard
Houma, Louisiana

Attorney for Defendant-Appellant
Just Gators, Inc.


Stanwood R. Duval
April A. Trahan
Harley M. Papa
Houma, Louisiana

Attorneys for Plaintiff-Appellee
Daneco, LLC


**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

PENZATO, J. concurs.

**GREENE, J.**

This is an appeal of a judgment of eviction. After review, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

On September 28, 2018, Daneco, LLC (Daneco) entered into several agreements pursuant to a Master Business Agreement with Just Gators, Inc. (Just Gators) and LaGarto Properties. One of the agreements provided that Daneco lease its alligator farm to Just Gators. The commercial lease provided for a $40,000.00 monthly lease payment from Just Gators to Daneco, with a six-year term and a right to renew for an additional six-year term. The lease was specifically limited to "Grow-Up Buildings," a food storage structure, a freezer building, a cold storage incubator, two "Polaris Buggies," one "John Deere Buggy," four forklifts, and a Ford flatbed truck.

Over time the relationship between Daneco and Just Gators deteriorated, and on May 11, 2022, Daneco sent a notice to vacate any and all unleased property to Just Gators. On May 24, 2022, Daneco filed a petition to evict Just Gators from the "unleased property," which was defined as "property owned by [Daneco], including, but not limited to, heater sheds, pumps, buildings, etc."[1] Just Gators filed an answer, raising affirmative defenses and exceptions, and made a reconventional demand. Just Gators asserted that it had the right to occupy the property pursuant to the lease. In its reconventional demand, Just Gators asserted the eviction claim was fraudulent and lacked merit. Just Gators asked that the petition be dismissed at Daneco's costs, and that it be awarded expenses, attorney fees, and all other general and equitable relief. The matter was heard on October 11, 2022.

Thereafter, the trial court granted Daneco's petition to evict, but did not identify the property that Just Gators was evicted from. The judgment was signed on March 5, 2023. Just Gators filed a suspensive appeal from that judgment.

---

[1] The petition noted that a separate rule to evict Just Gators from the leased property was pending in Division C, Docket No. 192404.

2

On January 23, 2024, this Court issued an interim opinion that remanded this matter to the trial court to correct the deficiency in the judgment and ordered that the record be supplemented with an amended judgment within 45 days. **Daneco, L.L.C. v. Just Gators, Inc.**, 2023-0642 (La. App. 1 Cir. 1/23/24), 386 So.3d 1086 (interim opinion). An amended judgment was signed by the trial court on March 7, 2024. The judgment provides that Just Gators "is hereby evicted and ordered to vacate any and all property, buildings, heater sheds, pumps, generators, and wharves located on the Daneco Alligator Farm located off Daneco Court in Houma, Louisiana." The judgment further provides that:

> This eviction does not apply to the property that is specifically listed in the Commercial Lease Agreement or the Master Business Agreement executed by DANECO, LLC and JUST GATORS, INC. on September 28, 2018; which said property is as follows:
>
> a. 31 Grow-Up Buildings;
> b. Food Storage Structure;
> c. Freezer Building;
> d. Cold Storage for Incubator;
> e. 2 Polaris Buggies, VIN#_____ and VIN#
> f. 1 John Deere Buggy, VIN#
> g. 4 Forklifts:
>    (i) Red VIN# P2201-9G2723
>    (ii) White VIN# A17088244
>    (iii) Yellow VIN# FN441284
>    (iv) Electric VIN# FN441284
>
> h. Ford flatbed truck, VIN# IFDRF3G62HEB83025

## THE APPEAL

On appeal, Just Gators maintains that the district court erred in failing to determine the property it was evicted from was necessary to achieve the purpose of the agreements, was implied in the agreements, and that equity made this property implied in the agreement. It also maintains that the district court erred in failing to determine that usage made the property implied in the agreement; failing to determine the intent of the parties; and failing to "exercise judicial control" to rule in its favor.

## DISCUSSION

Where factual findings are pertinent to the interpretation of a contract, those factual findings are not to be disturbed unless manifest error is shown. **Constantin**

**Land Trust v. Pitre Industries, L.L.C.**, 2016-0993 (La. App. 1 Cir. 7/10/17), 225 So.3d 1089, 1094, writ denied, 2017-1644 (La. 11/28/17), 230 So.3d 224.

Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include. La. C.C. art. 2051.

The rules of construction do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clearness the parties' intent. The fact that one party may create a dispute about the meaning of a contractual provision does not render the provision ambiguous. **Campbell v. Melton**, 2001-2578 (La. 5/14/02), 817 So.2d 69, 76; **Constantin Land Trust**, 225 So.3d at 1095. Only when there exists a doubtful or ambiguous provision, or no governing provision at all, can equity, usage, conduct, and custom inform the intent of the parties. See La. C.C. arts. 2053 and 2054.

There are approximately 100 acres of property owned by Daneco, with only a portion of that property leased to Just Gators. In this case, the Commercial Lease Agreement clearly delineates the structures, vehicles, and equipment that is leased from Daneco. The lease is clear and unambiguous regarding the property that is leased from Daneco to Just Gators. See La. C.C. art. 2051. The district court implicitly found that Just Gators utilized the property at issue with the permission of Daneco, which was revoked by Daneco's notice to vacate.

Just Gators maintains that the property should be part of the Commercial Lease Agreement, and that the property is necessary to achieve the purpose of the agreements. However, in the suit to evict Just Gators from the leased property, No. 192404, Just Gators admitted at trial that the disputed items were not included in the lease. Further, Stefano Pieroni, CEO of Just Gators, admitted at trial that the $40,000.00 per month lease payments were only for the items specifically listed in the lease.

4

As noted above, the Commercial Lease Agreement clearly outlines the property that is included in the lease and Just Gators admitted the lease payments were only for the property listed in the lease. We find no manifest error in the trial court's implicit determination that Just Gators utilized the property with the permission of Daneco, which was revoked by Daneco's notice to vacate. The fact that Just Gators seeks to create an ambiguity in the lease does not render it ambiguous. See **Campbell**, 817 So.2d at 76.

## DECREE

For the foregoing reasons, the trial court judgment evicting Just Gators, Inc. from specified property is affirmed. Costs of this appeal are assessed against Just Gators, Inc.

**AFFIRMED.**